ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2020 OCT 19  AM 11: 35

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| TELESFORO AVILES | 3-20CR0506-X |

### FACTUAL RESUME

In support of Telesforo Aviles's plea of guilty to the offense in Count One of the Information, Aviles, the defendant, Tom Pappas, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii), that is, Computer Fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant Telesforo Aviles as charged in the Information, intentionally accessed a computer without authorization;

*Second.*  By accessing the computer the defendant obtained information from any protected computer; and

*Third.*  That the offense was committed in furtherance of a criminal State violation of Texas Penal Code 21.15.

The elements of Texas Penal code 21.15 are as follows[2]:

*First.*  That the defendant without the other person's consent and with the

---

[1] 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii)
[2] Texas Penal Code § 21.15

Factual Resume—Page 1

                intent to invade the privacy of the other person;

*Second.*    The defendant by other electronic means transmits a visual image of an intimate area of another person; and

*Third.*    The other person had a reasonable expectation that the intimate area is not subject to public view.

## STIPULATED FACTS

1. Telesforo Aviles ("hereinafter "Aviles") admits and agrees that starting in or around November 2015 to in or around March 2020, within the Northern District of Texas and elsewhere, he intentionally accessed a protected computer without authorization, and thereby obtained information from a protected computer, and the offense was committed in furtherance of a criminal act to wit: Texas State Penal Code 21.15, in violation of the laws of the State of Texas.

2. Aviles was employed by ADT Security Services as a home security system technician. Aviles began working for ADT in 2003.[3] As part of his duties as a home security system technician, Aviles would install and conduct adjustments to security systems installed in customers' homes.

3. ADT utilizes a customer application called "ADT Pulse" that allows the customer to access their home security system to view both internal and exterior security cameras linked to the ADT Pulse application. When conducting the initial installation, the technician is permitted to add their ADT employee email account to the application for access to the security system. Once the initial installation is completed, technicians

---

[3] Aviles was initially hired by Brinks Security System before they merged with ADT.

are required by ADT policy to remove their access to the customer's system. At no time are the technicians allowed to access the video feed of a customer's account after installation without the customer's authorization or knowledge.

4. Starting in or around November 2015, Aviles would add his personal email account to customers' ADT Pulse applications during the initial installation. After the completion of the install, Aviles would not delete his personal email account linked to the customer's ADT Pulse application. This would allow Aviles to gain access to the video footage of the cameras installed at customers' homes at any time.

5. From in or around November 2015 to in or around March 2020 in the Northern District of Texas, Aviles accessed customer's ADT Pulse accounts and viewed customers' security cameras installed inside and outside of the home without their [T-P] sometimes authorization. Aviles would access these cameras for the purpose of sexual gratification. [6.] Sometimes Aviles would remember specific female customers that he found attractive and would then access their cameras later in the day. Once logged onto a specific customer's account, Aviles would begin accessing additional customer accounts to which he had access. Aviles watched videos captured on the ADT Pulse application that depicted naked women and couples engaging in sexual activity inside of their own homes, without the customers' knowledge.

7. In or around February 2020, Aviles installed security cameras at Customer One's home in the Northern District of Texas. During the installation, Aviles told Customer One that Aviles needed to add himself as a user temporarily to test the system. Customer One believed that this was part of normal procedure for an installation.

Customer One had four cameras installed at his/her residence: two external, one doorbell, and one interior camera that pans and is able to view approximately 75% of the residence. Aviles logged in and accessed Customer One's account without his/her knowledge twenty-three times.

8. Aviles installed security cameras in Customer Two's home in the Northern District of Texas. Customer Two had cameras installed all over his/her home to include closets and bathrooms to protect valuable belongings. Customer Two never gave permission to Aviles to add himself permanently to Customer Two's ADT Pulse account or to access his/her security cameras without permission. Aviles logged in and accessed Customer Two's account without his/her knowledge twenty-seven times.

9. In or around January 2020, Aviles installed security cameras in Customer Three's home in the Northern District of Texas. Customer Three had an interior camera installed that is in the living room and has a view of the kitchen, foyer, and a portion of the upstairs. Additionally, Customer Three has one outdoor camera and a doorbell camera. Customer Three, his/her spouse, and their nineteen-year-old daughter were present during the installation of the cameras. Aviles logged in and accessed Customer Three's account without his/her knowledge five times.

10. In or around April 2016, Aviles installed security cameras in Customer Four's home in the Northern District of Texas. Customer Four had one interior camera installed that captured views of the living room and kitchen. Customer Four along with his/her spouse and two young daughters lived at the home. Aviles logged in and accessed Customer Four's account without his/her knowledge three hundred and twenty-two times.

11. In or around 2015, Aviles installed security cameras in Customer Five's home in the Northern District of Texas. Customer Five had interior cameras installed all around the home, including five different rooms. Customer Five along with his/her five underage children lived at the home. Aviles logged in and accessed Customer Five's account without his/her knowledge three hundred and sixty-one times.

12. In total, Aviles logged into over 200 ADT Pulse customer accounts in the Northern District of Texas, and elsewhere. Aviles accessed these accounts over 9,600 times without the customers' knowledge or authorization from in or around November 2015 to March 2020.

13. Aviles agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Aviles's guilty plea to Count One of the Information.

[NOTHING FURTHER ON THIS PAGE]

AGREED TO AND STIPULATED on this 19 day of October, 2020.

_____  
Telesforo Aviles  
Defendant

_____  
Tom Pappas  
Attorney for Defendant

ERIN NEALY COX  
UNITED STATES ATTORNEY

_____  
Sid P. Mody  
Assistant United States Attorney  
Texas State Bar No. 24072791  
1000 Commerce St. Suite 300  
Dallas, Texas 75242  
Tel: 214-659-8600  
siddharth.mody@usdoj.gov